UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DWIGHT ALEXANDER COOPER,
  *Defendant-Appellant.*

No. 02-4024

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-01-51)

Submitted: June 14, 2002

Decided: August 26, 2002

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard C. Kerns, Newport News, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dwight Alexander Cooper was convicted following a jury trial of one count of knowingly possessing in and affecting interstate commerce a firearm and ammunition that had been shipped and transported in interstate commerce after having been previously convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C.A. §§ 922(g)(9), 924(a)(2) (West 2000). Cooper was caught driving a vehicle he had stolen from an automobile dealership several hours earlier. A search of the vehicle revealed a firearm, belonging to Cooper's brother, and ammunition in the center console. On appeal, Cooper argues: (1) the district court erred when it denied in part his pre-trial motion in limine; (2) the district court erred when it denied his motion for a mistrial based on statements made by the Government during its opening statement and closing argument; and (3) the evidence was insufficient to support his conviction.

First, Cooper asserts the district court erred when it denied in part his motion in limine. The district court excluded evidence relating to Cooper's state court convictions of burglary and grand larceny of a vehicle stolen from a car dealership. Cooper argues the district court erred under Fed. R. Evid. 401, 403 and 404(b) when it refused to exclude background evidence regarding the burglary and theft. The background evidence, however, was relevant and necessary for the purpose of showing why Cooper's vehicle was stopped, why he was arrested, and why the vehicle was searched. Further, evidence regarding the burglary and theft explained the circumstances of Cooper's use of the vehicle and was thus clearly relevant to the jury's evaluation of whether Cooper knowingly possessed the firearm and ammunition found in the console.

Second, Cooper argues the district court erred when it declined to grant a mistrial based on the Government's statements in its opening statement and closing argument regarding the burglary and theft of the vehicle. Denial of a defendant's motion for mistrial is within the sound discretion of the trial court and will be reversed only in the most extraordinary of circumstances. *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997). The Government did not violate the

district court's motion in limine ruling, and we conclude the district court did not err by denying the motion for a mistrial.

Finally, Cooper argues the evidence was insufficient to support his conviction. We review the verdict to determine whether there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). When considering the sufficiency of the evidence, we do not review the credibility of a witness's testimony. *United States v. Hobbs*, 136 F.3d 384, 391 n.11 (4th Cir. 1998). We have reviewed the evidence and, when viewed in the light most favorable to the Government, it is sufficient to support Cooper's conviction. We therefore affirm Cooper's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*